THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORMAN GOTCHER, JR., <br><br> Plaintiff, <br><br> v. <br><br> AAMACO TRANSMISSON AUTO CAR CARE REPAIR, *et al.*, <br><br> Defendants. | CASE NO. C17-1529-JCC <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On October 20, 2017, Magistrate Judge James Donohue granted Plaintiff Norman Gotcher Jr.'s ("Gotcher") motion to proceed *in forma pauperis* (Dkt. No. 5). Gotcher has requested the Court order the Defendants be served with his complaint (Dkt. No. 6 at 4.) Additionally, he has made a motion to have the Court appoint counsel. (Dkt. No. 2). The Court has reviewed Gotcher's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B).

Gotcher's complaint does not appear to meet the requirements of Federal Rule of Civil Procedure 8(a)(1), which requires "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional

support." Gotcher does not plead facts that identify a valid basis for this Court's jurisdiction. In his complaint, Gotcher states that his case should be filed in federal court because "this case occurred in King County, Washington and all acts thereto?" (Dkt. No. 6 at 2.)

Federal courts generally possess two types of subject matter jurisdiction—federal question jurisdiction and diversity of citizenship jurisdiction. Federal question jurisdiction exists where a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Diversity of citizenship jurisdiction exists where the amount at issue in the lawsuit is more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C. § 1332.

Gotcher has not plead facts that demonstrate his lawsuit is based on the Constitution, laws or a treaty of the United States. Gotcher has not plead facts that demonstrate he seeks damages in excess of $75,000 or that he and the Defendants are citizens of different states. This Court must dismiss a complaint if it appears that it has no jurisdiction to proceed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.")

Based on the above, the Court declines to order Gotcher's summons and complaint be served as written or to appoint counsel. Gotcher is ORDERED TO SHOW CAUSE why this Court has subject matter jurisdiction over his lawsuit. Gotcher's response to this Minute Order must be submitted on or before November 22, 2017, and must not be longer than six (6) pages.

The Clerk is DIRECTED to mail a copy of this order to Gotcher.

DATED this 23rd day of October 2017.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk