THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORMAN GOTCHER, JR., | CASE NO. C17-1529-JCC |
| Plaintiff, | ORDER |
| v. | |
| AAMACO TRANSMISSON AUTO CAR CARE REPAIR, *et al.*, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to appoint counsel (Dkt. No. 2), motion for leave to amend complaint (Dkt. No. 8), second motion for leave to amend complaint (Dkt. No. 11) motion to show cause and correcting complaint (Dkt. No. 12), and response to order to show cause (Dkt. No. 13). Having thoroughly considered Plaintiff's briefing and the relevant record, the Court hereby DENIES the motions for the reasons explained herein and DISMISSES Plaintiff's complaint without prejudice.

I. **BACKGROUND**

On October 10, 2017, Plaintiff was granted *in forma pauperis* status. (Dkt. No. 5.) This Court reviewed Plaintiff's complaint under 28 U.S.C. § 1915(e)(2), and ordered Plaintiff to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction. (Dkt. No. 9.) Plaintiff responded to the Court's Order to show cause and submitted an amended

complaint. (Dkt. No. 13.) Having reviewed the amended complaint, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim and dismisses the case without prejudice.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the Court must dismiss a complaint filed *in forma pauperis* if it determines the action "is frivolous or malicious." A complaint is considered frivolous under § 1915(e)(2)(B)(i) if it fails to properly allege subject matter jurisdiction. *Castillo v. Marshall*, 107 F.3d 15 (9th Cir. 1997) (citation omitted). In his amended complaint, Plaintiff alleges that jurisdiction is proper under 28 U.S.C. § 1331. (Dkt. No. 13 at 1.) Federal question jurisdiction exists where a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331.

Here, Plaintiff alleges a federal civil rights claim pursuant to 42 U.S.C. § 1983. (Dkt. No. 13 at 1.) Plaintiffs can bring a civil lawsuit under § 1983 for violations of constitutional rights. 42 U.S.C. § 1983. Generally, a § 1983 claim may only be maintained against a government actor. *See Richardson v. McKnight*, 521 U.S. 399, 403 (1997). In some cases, a § 1983 claim can be maintained against a private actor if he or she was acting "under color" of a state or federal "statute, ordinance, regulation, custom, or usage." *See id.*; 42 U.S.C. § 1983.

Plaintiff neither alleges that his constitutional rights were violated nor that Defendants are state actors. The named Defendants are Aamaco Transmission Auto Car Care Repair, a car repair shop in Seattle, and Glen Barnhart, the shop manager. (Dkt. No. 13 at 1–2.) Plaintiff alleges that he left his car at Defendant's shop after Barnhart agreed to repair the car. (*Id.* at 2.) Plaintiff never received the car back because while he was incarcerated in the King County Jail Defendants allegedly caused the car to be towed and eventually sold at an auction. (*Id.*)

Plaintiff does not plead any facts that explain how the transport and sale of his car violated his constitutional rights. Nor does he plead facts that demonstrate Defendants were state actors or acting under color of state law. The Defendants are clearly private actors. (Dkt. No. 13

at 2.) Plaintiff has not made out a cognizable claim under 42 U.S.C. § 1983 and, therefore, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331.

Nor has Plaintiff plead facts that suggest the Court has subject matter jurisdiction under 28 U.S.C. § 1332. Diversity of citizenship jurisdiction exists where the amount at issue in the lawsuit is more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C. § 1332(a); *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). Although Plaintiff's amended complaint asserts that he is seeking $725,000 in damages, all of the parties appear to reside in and be citizens of Washington. (*See* Dkt. No. 13 at 1–2.) Thus, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332.

Given that Plaintiff's amended complaint fails to allege subject matter jurisdiction, the Court construes his claim as "frivolous" under § 1915(e)(2)(B)(i). Accordingly, the Court DISMISSES Plaintiff's claim without prejudice.[1] The Court dismisses a claim with prejudice only if the defect could not be corrected. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to appoint counsel (Dkt. No. 2), motion for leave to amend complaint (Dkt. No. 8), second motion to amend complaint (Dkt. No. 11), and response to the Court's order to show cause and correcting complaint (Dkt. No. 12) are DENIED. Plaintiff's complaint is DISMISSED without prejudice.

DATED this 2nd day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's motion to appoint counsel (Dkt. No. 2), motion for leave to amend complaint (Dkt. No. 8), second motion to amend complaint (Dkt. No. 11), and motion to show cause and correcting complaint (Dkt. No. 12) are DENIED as moot.

ORDER
C17-1529-JCC
PAGE - 3