THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORMAN GOTCHER, JR.,

        Plaintiff,

    v.

AAMACO TRANSMISSON AUTO CAR CARE REPAIR, *et al.*,

        Defendants.

CASE NO. C17-1529-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendant's motion for reconsideration (Dkt. No. 17) of this Court's order denying Defendant's motion to appoint counsel (Dkt. No. 2), motion for leave to amend complaint (Dkt. No. 8), second motion for leave to amend complaint (Dkt. No. 11), motion to show cause and correcting complaint (Dkt. No. 12), and the Court's order dismissing Plaintiff's complaint (Dkt. No. 14). Having thoroughly considered Plaintiff's motion and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). But reconsideration is appropriate where the moving party seeks reconsideration within 14 days after the order to which it relates is filed, and there is a showing of "manifest error in the prior

ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." W.D. Wash. Local Civ. R. 7(h)(1),(2).

Plaintiff's motion neither demonstrates that the Court committed manifest error, nor provides new facts or legal authority that would cause the Court to change its ruling.[1] The Court dismissed Plaintiff's complaint without prejudice because the complaint did not provide a basis for subject matter jurisdiction. (Dkt. No. 14 at 3.) Under 28 U.S.C. § 1915(e)(2), when a Plaintiff pursues a civil action *in forma pauperis* the district court "shall dismiss the case at any time if the court determines . . . the action or appeal . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). A complaint is considered frivolous under § 1915(e)(2)(B)(i) if it fails to establish subject matter jurisdiction. *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).

The Court determined that Plaintiff did not plead adequate facts to demonstrate that the Court had either federal question or diversity jurisdiction. (Dkt. No. 2–3.)[2] Plaintiff has not provided new facts that would allow the Court to find jurisdiction. Plaintiff brings a 42 U.S.C. § 1983 claim against private defendants, asserting that they violated his rights under the First, Eighth, and Fourteenth Amendments of the Constitution. (Dkt. No. 17 at 3–11.) Plaintiff has not plead facts that demonstrate the private defendants took joint action with a state actor. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents.") (internal quotation marks and citation omitted).

---

[1] Plaintiff's motion is also untimely. The Court filed its order dismissing Plaintiff's complaint on November 2, 2017. (Dkt. No. 14.) Plaintiff filed his motion on November 22, 2017, which is almost a week after the 14-day deadline. (Dkt. No. 17.) The Court realizes that Plaintiff is proceeding pro se and currently incarcerated, both of which make it difficult for him to comply with procedural rules. Were there not substantive deficiencies with Plaintiff's complaint, the Court would hesitate to deny the motion solely on procedural grounds.

[2] For the same reasons the Court would not have federal question jurisdiction it would not have jurisdiction under 28 U.S.C. § 1343(a)(3).

Plaintiff provides only conclusory allegations that defendants acted under color of state law. *See Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (noting that conclusory allegations unsupported by facts are insufficient to state a 1983 action).[3] Nor has Plaintiff provided facts that demonstrate the Court has diversity jurisdiction. Based on the allegations in the complaint and motion to reconsider all of the parties to the lawsuit appear to be citizens of Washington. (Dkt. Nos. 6, 17.)

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. No. 17) is DENIED. The Clerk is DIRECTED to mail a copy of this order to Plaintiff at: Norman Gotcher Jr., DOC #634076, Washington Corrections Center, PO Box 900, Shelton, WA 98584.

DATED this 28th day of November 2017.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk

---

[3] For the same reasons the Court would not have subject matter jurisdiction over Plaintiff's claim, Plaintiff has failed to state a claim for which relief can be granted. That provides a separate basis for dismissal of his complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).